UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS RUIZ FLOREZ,
    Plaintiff,
vs.

MACE PROPERTIES, INC, and
THE INDEPENDENT NYC, INC..
    Defendants.

**COMPLAINT**

Plaintiff, CARLOS RUIZ FLOREZ ("Plaintiff"), by his undersigned counsel, hereby files this Complaint and sues Defendants, Mace Properties, inc. and The Independent NYC, inc. (hereinafter "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG").

## JURISDICTION

**1)** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon Defendant's violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2)** Plaintiff currently resides in Queens County, New York, and is *sui juris*. Plaintiff is a qualified individual with disabilities under the ADA law. Plaintiff suffered a spinal cord injury as a child complete from the T-7 to T-11, has paraplegia, and is bound to ambulate in a wheelchair.

**3)** Defendant, ANTONIO MACE PROPERTIES, INC, is an individual that transacts business in the State of New York and within this judicial district. Defendant, ANTONIO MACE PROPERTIES, INC, is the owner of the real property which is the subject of

this action located on or about at 147 W 40th St, New York, NY 10018 (hereinafter "Subject Property" or "Facility").

4) Defendant, THE INDEPENDENT NYC, INC., is a Domestic Business Corporation and transacts business in the State of New York and within this judicial district. Defendant, THE INDEPENDENT NYC, INC., is the lessee and operator of the business known as THE INDEPENDENT, located at 147 W 40th St, New York, NY 10018 (hereinafter the "Facility").

5) Plaintiff has visited the Subject Property which forms the basis of this lawsuit on or about November 22, 2022, and on or about mid June, 2022. On each of these occasions, the Plaintiff's ability to ambulate through the entrance of the Subject Property was constrained, hindered, and thwarted by the structural barriers, that which prevented access to the public accommodation. The Plaintiff's place of employment is only two blocks from the Defendants public accommodation, and thereon he plans to return to the Subject Property to avail himself of the goods and services offered to the public at the Subject Property, and thereby determine whether the Subject Property has been made ADA compliant. Plaintiff's access to the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and Plaintiff will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and ADA violations which exist at the Facility, including but not limited, to those set forth in this Complaint.

6) In addition to living approximately 10 miles from the Subject Property, Plaintiff also has multiple friends and family members throughout the New York City area—with whom he visits frequently and dines out socially on at least a weekly basis. Foremost, Plaintiff's place of

employment is adjacent to the Defendant's subject property. Plaintiff travels through the neighborhood where the Subject Property is located multiple times a week. Furthermore, Plaintiff has dined at, and in, nearly all of the neighboring restaurants surrounding the subject facility, that are all without obstructions. Moreover, Plaintiff dines at restaurants on this street about once or twice per week, and thereon affirms that he would dine at the Defendant's restaurant and avail himself of the goods and services offered to the public, were it not for the structural barriers inhibiting his ability to enter the subject facility, in direct contravention of Title III of the ADA and provisions under the ADAAG.

7)   Plaintiff has visited the Subject Property which forms the basis of this lawsuit on or about November 22, 2022, and on or about mid June, 2022, and plans to return to the Subject Property to avail himself of the goods and services offered to the public at the Subject Property, and to determine whether the Subject Property has been made ADA compliant. Plaintiff's access to the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and Plaintiff will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and ADA violations which exist at the Facility, including but not limited, to those set forth in this Complaint.

8)   The Defendants' Facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

9)   In this instance, Plaintiff visited the Facility and encountered barriers to access at the Facility, engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access as set forth herein.

10) Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Facility.

11) All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises are located in the Eastern District.

## FACTUAL ALLEGATIONS AND CLAIM

12) Plaintiff has attempted to access the Facility, but could not do so without severe hardship, because of his disabilities, and the physical barriers to access and ADA violations that exist at the Facility, which restrict and/or limit his access to the goods and services offered at the Facility. The ADA violations are more specifically set forth in this Complaint.

13) Plaintiff intends to visit the Facility again in the near future in order to utilize all of the goods and services offered therein but will be unable to do so because of the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that restrict and/or limit his access to the Facility, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

14) Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods and services of the Facility, as prohibited by 42 U.S.C., § 12182, *et.seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

15) Defendants have discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers,

dangerous conditions and ADA violations, which preclude and/or limit Plaintiff's ability to access the Facility and full and equal enjoyment of the goods, services offered at the Facility include:

- COMPLIANT ACCESSIBLE ROUTE TO ENTRANCE DOOR NOT PROVIDED AS REQUIRED.
- NON-COMPLIANT CHANGE IN FLOOR LEVEL WITHIN REQUIRED MANEUVERING CLEARANCE AT ENTRANCE DOOR.

**ADAAG 206 Accessible Routes ADAAG 206.1 General.**
Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
**ADAAG 206.2 Where Required.**
Accessible routes shall be provided where required by 206.2.
**ADAAG 206.2.1 Site Arrival Points.**
At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.
**ADAAG 206.4 Entrances.**
Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.
**ADAAG 206.4.1 Public Entrances.**
In addition to entrances required by 206.4.2 through 206.4.9, at least 60 percent of all public entrances shall comply with 404.
**ADAAG 207 Accessible Means of Egress ADAAG 207.1 General.**
Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1)
**ADAAG 404.2.4 Maneuvering Clearances.**
Minimum maneuvering clearances at doors and gates shall comply with 404.2.4.
Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.
**ADAAG 404.2.4.4 Floor or Ground Surface.**
Floor or ground surface within required maneuvering clearances shall comply with 302. Changes in level are not permitted.

- INACCESSIBLE BAR.
- PORTION OF BAR REQUIRED TO BE ACCESSIBLE NOT PROVIDED.
- NON-COMPLIANT HEIGHT OF BAR EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

**ADAAG 226 Dining Surfaces and Work Surfaces ADAAG 226.1 General.**
Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
**ADAAG 902 Dining Surfaces and Work Surfaces ADAAG 902.1 General**.
Dining surfaces and work surfaces shall comply with 902.2 and 902.3.
**Advisory 902.1 General.**
Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.
**ADAAG 902.3 Height.**
The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.

- REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT BAR.

**ADAAG 226 Dining Surfaces and Work Surfaces ADAAG 226.1 General.**
Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
**ADAAG 902 Dining Surfaces and Work Surfaces ADAAG 902.1 General**.
Dining surfaces and work surfaces shall comply with 902.2 and 902.3.
**Advisory 902.1 General.**
Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.
**ADAAG 902.2 Clear Floor or Ground Space.**
A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.
**ADAAG 306.2 Toe Clearance.**
**ADAAG 306.2.3 Minimum Required Depth.**
Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
**ADAAG 306.2.5 Width**.
Toe clearance shall be 30 inches (760 mm) wide minimum.
**ADAAG 306.3 Knee Clearance.**
**ADAAG 306.3.3 Minimum Required Depth.**
Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.
**ADAAG 306.3.5 Width.**
Knee clearance shall be 30 inches (760 mm) wide minimum.

- INACCESSIBLE DINING TABLES.
- A MINIMUM PERCENTAGE OF EXISTING DINING TABLES REQUIRED TO BE ACCESSIBLE NOT PROVIDED.
- REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT DINING TABLES.

**ADAAG 226 Dining Surfaces and Work Surfaces ADAAG 226.1 General.**
Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
**ADAAG 902 Dining Surfaces and Work Surfaces ADAAG 902.1 General.**
Dining surfaces and work surfaces shall comply with 902.2 and 902.3.
**ADAAG 902.2 Clear Floor or Ground Space.**
A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.
**ADAAG 306.2 Toe Clearance.**
**ADAAG 306.2.3 Minimum Required Depth.**
Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
**ADAAG 306.2.5 Width**.
Toe clearance shall be 30 inches (760 mm) wide minimum.
**ADAAG 306.3 Knee Clearance.**
**ADAAG 306.3.3 Minimum Required Depth.**
Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.

**ADAAG 306.3.5 Width.**
Knee clearance shall be 30 inches (760 mm) wide minimum.

- NON-COMPLIANT HEIGHT OF DINING TABLES EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

**ADAAG 226 Dining Surfaces and Work Surfaces ADAAG 226.1 General.**
Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

**ADAAG 902.3 Height.**
The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.

- INACCESSIBLE RESTROOMS.
- INACCESSIBLE TRAVEL PATH TO RESTROOMS LOCATED AT LOWER LEVEL OF ESTABLISHMENT.
- ACCESSIBLE ROUTE TO RESTROOMS NOT PROVIDED AS REQUIRED.
- EXISTING STAIR FLIGHT AT TRAVEL PATH TO RESTROOMS ACTS AS A BARRIER TO ACCESSIBILITY.

**ADAAG 213 Toilet Facilities and Bathing Facilities ADAAG 213.1 General.**
Where toilet facilities and bathing facilities are provided, they shall comply with 213.
Where toilet facilities and bathing facilities are provided in facilities permitted by 206.2.3 Exceptions 1 and 2 not to connect stories by an accessible route, toilet facilities and bathing facilities shall be provided on a story connected by an accessible route to an accessible entrance.

- REQUIRED HANDRAILS NOT PROVIDED AT BOTH SIDES OF STAIR FLIGHT AT TRAVEL PATH TO RESTROOMS LOCATED AT LOWER LEVEL OF ESTABLISHMENT.

**ADAAG 505 Handrails**
**ADAAG 505.2 Where Required.**
Handrails shall be provided on both sides of stairs and ramps.

- COMPLIANT SIGNAGE IDENTIFYING THE MEN'S RESTROOM NOT PROVIDED AS REQUIRED.

**ADAAG 216 Signs ADAAG 216.1 General.**
Signs shall be provided in accordance with 216 and shall comply with 703.
**ADAAG 216.2 Designations.**
Interior and exterior signs identifying permanent rooms and spaces shall comply with 703.1, 703.2, and 703.5. Where pictograms are provided as designations of permanent interior rooms and spaces, the pictograms shall comply with 703.6 and shall have text descriptors complying with
703.2 and 703.5.
**Advisory 216.2 Designations.**
Section 216.2 applies to signs that provide designations, labels, or names for interior rooms or spaces where the sign is not likely to change over time. Examples include interior signs labeling restrooms, room and floor numbers or letters, and room names. Tactile text descriptors are required for pictograms that are provided to label or identify a permanent room or space.
Pictograms that provide information about a room or space, such as "no smoking," occupant logos, and the International Symbol of Accessibility, are not required to have text descriptors.
**ADAAG 703.1 General.**
Signs shall comply with 703. Where both visual and tactile characters are required, either one sign with both visual and tactile characters, or two separate signs, one with visual, and one with tactile characters,

shall be provided.
**ADAAG 703.4.1 Height Above Finish Floor or Ground.**
Tactile characters on signs shall be located 48 inches (1220 mm) minimum above the finish floor or ground surface, measured from the baseline of the lowest tactile character and 60 inches (1525 mm) maximum above the finish floor or ground surface, measured from the baseline of the highest tactile character.
**ADAAG 703.4.2 Location.**
Where a tactile sign is provided at a door, the sign shall be located alongside the door at the latch side. Where a tactile sign is provided at double doors with one active leaf, the sign shall be located on the inactive leaf. Where a tactile sign is provided at double doors with two active leafs, the sign shall be located to the right of the right hand door. Where there is no wall space at the latch side of a single door or at the right side of double doors, signs shall be located on the nearest adjacent wall. Signs containing tactile characters shall be located so that a clear floor space of 18 inches (455 mm) minimum by 18 inches (455 mm) minimum, centered on the tactile characters, is provided beyond the arc of any door swing between the closed position and 45 degree open position.

- THE FIRST OF THREE URINALS IN MEN'S RESTROOM IS INACCESSIBLE.
- NON-COMPLIANT HEIGHT OF THE FIRST OF THREE WALL MOUNTED URINALS IN MEN'S RESTROOM EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

**ADAAG 605 Urinals**
**ADAAG 605.1 General.**
Urinals shall comply with 605.
**ADAAG 605.2 Height and Depth.**
Urinals shall be the stall-type or the wall-hung type with the rim 17 inches (430 mm) maximum above the finish floor or ground. Urinals shall be 13½ inches (345 mm) deep minimum measured from the outer face of the urinal rim to the back of the fixture

- THE SECOND OF THREE URINALS IN MEN'S RESTROOM IS INACCESSIBLE.
- NON-COMPLIANT HEIGHT OF THE SECOND OF THREE WALL MOUNTED URINALS IN MEN'S RESTROOM EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

**ADAAG 605 Urinals**
**ADAAG 605.1 General.**
Urinals shall comply with 605.
**ADAAG 605.2 Height and Depth.**
Urinals shall be the stall-type or the wall-hung type with the rim 17 inches (430 mm) maximum above the finish floor or ground. Urinals shall be 13½ inches (345 mm) deep minimum measured from the outer face of the urinal rim to the back of the fixture

- THE THIRD OF THREE URINALS IN MEN'S RESTROOM IS INACCESSIBLE.
- NON-COMPLIANT HEIGHT OF THE THIRD OF THREE WALL MOUNTED URINALS IN MEN'S RESTROOM EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

**ADAAG 605 Urinals**
**ADAAG 605.1 General.**
Urinals shall comply with 605.
**ADAAG 605.2 Height and Depth.**
Urinals shall be the stall-type or the wall-hung type with the rim 17 inches (430 mm) maximum above the finish floor or ground. Urinals shall be 13½ inches (345 mm) deep minimum measured from the outer face of the urinal rim to the back of the fixture

- INSULATION OF PIPES AND WATER LINES UNDER THE LAVATORY IN MEN'S

RESTROOM NOT PROVIDED AS REQUIRED.
**ADAAG 606 Lavatories and Sinks.**
**ADAAG 606.5 Exposed Pipes and Surfaces**.
Water supply and drain pipes under lavatories and sinks shall be insulated or otherwise configured to protect against contact. There shall be no sharp or abrasive surfaces under lavatories and sinks.

16) The above listing is not to be considered all-inclusive of the barriers which exist at the Facility. Plaintiff requires an inspection of the Facility in order to determine all of the ADA violations.

17) The removal of the physical barriers, dangerous conditions, and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

18) Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

19) The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

20) Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Facility to make it readily

accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

    Respectfully submitted

    BARDUCCI LAW FIRM, PLLC
    5 West 19th Street, 10th Floor
    New York, NY 10011
    (212) 433-2554

By:   s/ Maria-Costanza Barducci
    Maria-Costanza Barducci, Esq.
      *Attorney for Plaintiff*
    Bar No. 5070487
    MC@BarducciLaw.com